CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 20 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID ALBERT GILLISPIE,<br>Petitioner, | )<br>) Civil Action No. 7:07cv00201<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| UNITED STATES OF AMERICA,<br>Respondent. | ) By: Samuel G. Wilson<br>) United States District Judge |

Petitioner, David Albert Gillispie, filed this 28 U.S.C. § 2255 motion challenging the validity of his plea and sentence of 18 months incarceration followed by a term of three years supervised release, for passing counterfeit U.S. currency, in violation of 18 U.S.C. § 472. Gillispie maintains that his sentence of supervised release is illegal and that counsel provided ineffective assistance on several grounds. This matter is before the court on respondent's motion to dismiss. The court finds that Gillispie's sentence is not illegal and that his claims of ineffective assistance have no merit. Accordingly, the court grants respondent's motion to dismiss.

## I.

On April 6, 2006, a grand jury in the Western District of Virginia returned a six-count indictment charging Gillispie with: (1) conspiring to produce and utter counterfeit U.S. currency, in violation of 18 U.S.C. § 371; (2) counterfeiting U.S. currency with intent to defraud, in violation of 18 U.S.C. § 471; (3) creating digital images of U.S. currency with intent to defraud, in violation of 18 U.S.C. § 474; (4) transferring counterfeit U.S. currency with intent to pass a genuine article, with intent to defraud, in violation of 18 U.S.C. § 473; (5) uttering four $20 counterfeit U.S. currency obligations with intent to defraud, in violation of 18 U.S.C. § 472; and (6) uttering four $20 counterfeit U.S. currency obligations with intent to defraud, in violation of 18 U.S.C. § 472. Pursuant to a written plea agreement, Gillispie pled guilty to count five of the indictment, charging him with uttering four $20

1

counterfeit U.S. currency obligations with intent to defraud. In the plea agreement, Gillispie waived his right to appeal any sentence within the advisory guideline range of punishment, to collaterally attack the judgment and sentence imposed by the court, and to bring any claim he might have regarding ineffective assistance of counsel, known and not raised at the time of sentencing. In exchange for his guilty plea, the government agreed to move to dismiss the remaining five counts of the Indictment pending against him and to recommend a two-level reduction to his total offense level for his acceptance of responsibility.

At his plea hearing, Gillispie, among other things, stated under oath that he had received a copy of the indictment; that he had discussed the charges and his case with counsel; that he was fully satisfied with his counsel's representation; that he read the entire plea agreement before he signed it; that he understood everything in the plea agreement; that no one had made any offer or different promise or assurance to him to induce entry of the plea; that no one had forced him to enter the guilty plea; that he understood the maximum penalties, including a term of supervised release, for the offenses charged; that he was waiving his right to appeal and to collaterally attack his sentence; and that his plea was knowing and voluntary. After hearing a summary of the government's evidence against him, Gillispie stated that he did not disagree with any of the evidence presented. Ultimately, Gillispie pled guilty and the court accepted his plea, finding that he was "fully competent and capable of entering an informed plea," and that his plea of guilty was "knowing and voluntary." The court ultimately sentenced Gillispie to 18 months incarceration, the bottom of the guideline range, followed by a three-year term of supervised release. Gillispie did not appeal.

Gillispie filed the instant § 2255 motion, claiming that counsel was ineffective in advising him to plead guilty and informing him that a term of supervised release was "part of the penalty of the crime." Gillispie claims that supervised release is "not required by the statute," and he would not have

2

pled guilty if he had known this. He argues that counsel was ineffective in failing to challenge the court's imposition of supervised release at the sentencing hearing and on appeal. As relief, Gillispie asks the court to amend its judgment to reflect no term of supervised release.

## II.

Gillispie alleges that the court imposed an improper sentence by including a term of supervised release. Although Gillispie knowingly and voluntarily waived his right to appeal a sentence within the guideline range and to collaterally attack his plea and sentence, claims that allege that the sentence was "imposed in excess of the maximum penalty provided by statute" or that the defendant was "wholly deprived of counsel during his sentencing proceedings" survive a collateral attack waiver. Lemaster, 403 F.3d at 220 n.2. In this case, the court's imposition of 18 months incarceration followed by a three-year term of supervised release was not improper.

Gillispie's conviction under 18 U.S.C. § 472 carried a maximum term of imprisonment of 20 years incarceration.[1] Based on this maximum term of imprisonment, Gillispie's conviction is classified as a Class C felony. See 18 U.S.C. § 3559(a)(3). On a Class C felony, because the court imposed a term of imprisonment, the court is authorized to include a term of supervised release of "not more than three years."[2] See 18 U.S.C. §§ 3583(a) and (b)(2). Accordingly, Gillispie's term of supervised release is within the statutory range, and thus, his claim has no merit.

## III.

Gillispie claims that counsel ill-advised him by telling him that the court had the authority to

---

[1] Also, based on Gillispie's total offense level of 11 and criminal history category of IV, the guideline range of imprisonment applicable to him was 18 to 24 months. U.S.S.G. Ch. 5, Part A.

[2] Moreover, the U.S. Sentencing Guidelines require a term of supervised release if the court imposes a term of imprisonment of more than one year. U.S.S.G. § 5D1.1(a). In this case, based on Gillispie's conviction of a Class C felony, the guideline range for a term of supervised release is "at least two years but not more than three years." U.S.S.G. § 5D1.2(a)(2). Accordingly, in addition to being within the statutory range, Gillispie's term of supervised release is also within the guideline range.

3

impose a term of supervised release. He alleges that "had [he] known that supervised release is not required by the statute . . . he would not have pleaded guilty." He also claims that counsel was ineffective in failing to object to the court's imposition of a term of supervised release and in failing to raise the issue on appeal. The court finds that these claims fail on their merits.

In order to establish a claim of ineffective assistance of counsel, Gillispie must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's alleged deficient performance, the outcome of his hearing or case would have been different. Strickland v. Washington, 466 U.S. 668, 669 (1984); see also Williams v. Taylor, 529 U.S. 362 (2000). As the court has already determined that it properly imposed a term of supervised release, the court finds that trial counsel correctly advised Gillispie of the court's authority to do so, and therefore, counsel's performance did not fall below an objective standard of reasonableness. Further, counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis." See Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987). Therefore, counsel's failure to object to the court's proper imposition of a term of supervised release also does not rise to the level of constitutionally ineffective assistance of counsel. Finally, Gillispie claims that counsel was ineffective in failing to appeal the court's imposition of supervised release. Gillispie does not allege that he requested counsel file an appeal, but apparently argues that his attorney nevertheless had a duty to file such an appeal. In cases where defendants have not instructed counsel to file an appeal, the constitutional inquiry begins with the question of whether counsel in fact consulted with the defendant about the advantages and disadvantages of appealing and made a reasonable effort to determine the client's wishes. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). In this case, there is no evidence available to the court indicating that counsel consulted with Gillispie after sentencing regarding the

4

advantages and disadvantages of filing an appeal and, therefore, the court must further inquire whether counsel had the affirmative duty to consult. Id. at 480. An affirmative duty to consult arises when either (1) any rational defendant would want to appeal (for example, where there is a non-frivolous ground for appeal), or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Id. In this case, Gillispie waived his right to appeal any sentencing within the advisory guideline range, there was no apparent non-frivolous ground for appeal, and the court clearly apprised Gillispie of his right to appeal, thus, the facts of this case fall squarely in the examples cited by the court in Flores-Oretega where no further consultation by counsel is required. Id. at 479-480. Consequently, the court finds that in this case, a rational defendant would not want to appeal. Further, Gillispie does not allege that he reasonably demonstrated to counsel that he was interested in filing an appeal in this case. Therefore, the court finds that counsel did not have an affirmative duty to consult with Gillispie regarding an appeal. Accordingly, the court finds that Gillispie has not shown that counsel's performance was deficient and, thus, his claims fail. Strickland, 466 U.S. at 669.

## V.

For the reasons stated herein, the court grants respondent's motion to dismiss.

ENTER: This 20th day of November, 2007.

United States District Judge

5